UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GEORGE/ROLAND CAMPBELL,

            Plaintiff,

-against-

FEDERAL BUREAU OF PRISONS, et al.,

            Defendants.

23-CV-6526 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who currently is incarcerated at FCI Schuylkill in Minersville, Pennsylvania, brings this *pro se* action challenging the validity of his federal conviction, entered in the United States District Court for the Eastern District of New York. *See United States v. Campbell*, No. 91-CR-1219 (RJD) (E.D.N.Y. May 15, 2003). By order dated August 2, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses the action.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint and its attachment. Plaintiff states that, in the 1990s, "I was taken from Costa Rica and brought to the United States on several charged crimes. . . . I was found guilty and sentenced . . . to 'serve a sentence without goodtime credits'

in violation of the US[ ] Constitution."[2] (ECF 1, at 4.) He also states that during his 27 years in the Federal Bureau of Prisons' ("FBOP") custody, "I have earned and accrued more than 4 years or 1500 days of Good time credits[.]" (*Id.*) Plaintiff asserts that his sentence violates the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States. He seeks "27 million in total for each of the years lost or withheld Goodtime credits and the overserved time I am serving." (*Id.* at 5.)

Named as Defendants are the FBOP, the Eastern District of New York ("EDNY"), the United States Attorney General's Office ("AG"), and unidentified individuals, described as "[a]ll parties . . . withholding petitioners Goodtime credits." (*Id.* at 3.)

Attached to the complaint is a recent opinion and order issued by the Honorable Mary Kay Vyskocil, of this court, in the matter of *Campbell v. Baltazar*, ECF 1:16-CV-5920, 16 (S.D.N.Y. June 5, 2020) ("*Campbell I*"), a *habeas corpus* proceeding Plaintiff initiated under 28 U.S.C. § 2241. In *Campbell I*, Judge Vyskocil described Plaintiff's procedural history as follows:

> Mr. Campbell's incarceration stems from a 1999 conviction for robbery, conspiracy to commit robbery, and use of weapon during the commission of a violent felony, for which he was sentenced to a term of 150 years in prison. [citation omitted.] This Petition is at least the sixth collateral attack on that judgment that Mr. Campbell has filed in either this district or in the Eastern District of New York, each of which has been denied or dismissed. [Citations omitted.]

(ECF 1, at 8.) Judge Vyskocil also described Plaintiff's sentence as "somewhat unique":

> As a result of an extradition treaty between the United States and Costa Rica, the country from which Mr. Campbell was extradited for trial in 1996, he may legally serve only 50 years in prison. [Citation omitted.] In the judgment, the court wrote: '[P]ursuant to the extradition agreement between Costa Rica and the United States and the assurances made by the United Stated pursuant to an Order issued by the Honorable Denis R. Hurley, United States District Judge, Eastern District of New York, on January 24, 1997, which mandate that the defendant serve a period of

---

[2] The Court quotes from the complaint verbatim. All spelling, punctuation, and grammar are as in the original, unless noted otherwise.

> incarceration not greater than 50 years, the Court hereby orders the Bureau of Prisons to release the defendant after he serves a term of incarceration of 50 years.' [Citation omitted.] The Second Circuit specifically affirmed the propriety of this sentence scheme, which appeared in both the original and Amended Judgments. [Citation omitted.]
>
> The judgment that was affirmed by the Second Circuit further specified that 'the defendant shall be released after he serves a period of incarceration not greater than 50 years as established by the extradition agreement between the United States and Costa Rica, with no adjustments for good conduct time, or the 150 year sentence, with adjustments for good conduct time, which ever is earlier.' [Citation omitted.] This sentence mechanism was affirmed by the Second Circuit. [Citation omitted.] Mr. Campbell subsequently filed unsuccessful habeas petitions challenging the terms of his sentences.

(*Id.* at 9.) Judge Vyskocil construed Plaintiff's challenge as properly raised under 28 U.S.C. § 2255, because Plaintiff challenged the constitutionality of his sentence, noted that the court did not have jurisdiction to consider the Section 2255 motion under 28 U.S.C. § 2255(h), because it was second or successive, and transferred the motion to the United States Court of Appeals for the Second Circuit for authorization to proceed with a successive Section 2255 motion. (*See id.* at 10-11.) The Court of Appeals denied authorization. *See Campbell I* (Doc. No. 21.)

Plaintiff now seeks money damages in this civil rights action against federal entities and individuals.

## DISCUSSION

**A.     Sovereign Immunity**

The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against individual federal officers in their official capacities, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such

4

suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").

Plaintiff names as Defendants the FBOP, the EDNY, and the AG, presumably in the AG's official capacity. The Court assumes that Plaintiff names these Defendants based on their roles in entering judgment in *Campbell I* and in executing Plaintiff's federal sentence. These Defendants, however, are immune from liability under the doctrine of sovereign immunity because the United States has not waived its immunity to be sued for entering judgment in a criminal case or for executing a federal sentence. Rather, as Plaintiff is well aware from his prior history, any challenge to the constitutionality of his sentence must be raised in a Section 2255 motion. Accordingly, Plaintiff's claims against the FBOP, the EDNY, and the AG are dismissed under the doctrine of sovereign immunity.[3] *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**B.      Claims Against Federal Employees Acting in Their Individual Capacities**

Plaintiff names as Defendants the individuals who personally are involved in the execution of his sentence. Generally, a plaintiff seeking money damages from federal employees acting in their personal capacity may seek relief under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), "the federal analog to suits brought against state officials under [42 U.S.C. § 1983]," *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (internal quotation marks omitted). Where a plaintiff seeks money damages for an unconstitutional conviction or imprisonment, however, such an action,

---

[3] An exception to this doctrine, the Federal Tort Claims Act ("FTCA"), provides a waiver of sovereign immunity for certain claims for damages arising from the tortious conduct of federal officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. §§ 1346(b)(1). The complaint does not suggest that any federal officer or employee personally committed any tort in relationship to the execution of Plaintiff's sentence. The Court therefore declines to construe the complaint as asserting an FTCA claim.

> is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (italics in original). In order to recover damages for an allegedly unconstitutional conviction or imprisonment, a plaintiff must demonstrate that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). This rule, barring claims for damages based on a conviction or sentence that has not been invalidated, applies in cases brought under *Bivens*. *See Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995) (holding that the *Heck* rule applies in claims brought under *Bivens*).

Plaintiff's claims seeking money damages based on his being denied good time credits are barred under *Heck* because no court has invalidated his sentence. As success in this action "would necessarily demonstrate the invalidity of [Plaintiff's] confinement [and] its duration," *Wilkinson*, 544 U.S. at 82, Plaintiff's claims against individual federal employees are dismissed for failure to state a claim under *Heck*, *see* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.      Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii). Plaintiff's claims against the FBOP, the EDNY, and the AG are dismissed under the doctrine of sovereign immunity, and the claims against the individual federal officers, sued in their individual capacities, are dismissed under *Heck*.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   October 27, 2023
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge